# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHEASTERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**FILED**

**FEB 1 6 2005 WH**

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

| | |
|---|---|
| CATRINA THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 04 C 6975 |
| ) | |
| CITY OF CHICAGO, OFFICER O'DONNELL, ) | Judge Pallmeyer |
| and OFFICER McGUIRE, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO: Keith L. Young
333 West Wacker Drive
Suite 500
Chicago, Illinois 60606

Joseph M. Polick
Senior Supervising Attorney
30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602

**PLEASE TAKE NOTICE** that on this 16th day of February, 2005, I have caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be mailed to the persons named above at the addresses shown this 16th day of February, 2005.

GEORGE J. YAMIN, JR.
Assistant Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-0454
Attorney No. 06217483

FILED
FEB 1 6 2005 WH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CATRINA THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 04 C 6975 |
| | ) | |
| CITY OF CHICAGO, OFFICER O'DONNELL, | ) | Judge Pallmeyer |
| and OFFICER McGUIRE, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant City of Chicago, by Mara S. Georges, Corporation Counsel, for its Answer Defenses and Jury Demand to plaintiff's Complaint, states as follows:

### COUNT I
### Battery

1. That on or about March 6, 2004, the Plaintiff, Catrina Thomas was present in her apartment located at 6216 South Marshfield Avenue in the City of Chicago.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

2. That at all times relevant hereto, the Defendants, Officer O'Donnell and Officer McGuire were police officers employed by the Defendant, City of Chicago.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

3. That at all times relevant hereto, the Defendants, Officer O'Donnell and Officer McGuire were acting both individually and as agents, servants, and employees of the Defendant, City of Chicago.

1

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

4. That at all times relevant hereto, the Defendants, Officer O'Donnell and Officer McGuire were acting under color of law.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

5. That the Defendants and other unnamed Chicago police officers, entered the plaintiff's apartment without a search or arrest warrant, intentionally touched the Plaintiff, Catrina Thomas about her body and limbs, handcuffed her, pulled down clothing and underwear and placed duct tape over her mouth without her consent or permission.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

6. That the Defendants lacked probable cause to believe that the Plaintiff had committed a crime and lacked a warrant or probable cause to search her or her apartment.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

7. That the Plaintiff was not arrested and no criminal charges were brought against her.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

8. That the acts of the Defendants constitute battery.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

## COUNT II
## False Imprisonment

1. Plaintiff realleges paragraph 1 of Count I

**ANSWER**: The City realleges its answer to this paragraph.

2. Plaintiff realleges paragraph 2 of Count I

**ANSWER**: The City realleges its answer to this paragraph.

3. Plaintiff realleges paragraph 3 of Count I

**ANSWER**: The City realleges its answer to this paragraph.

4. Plaintiff realleges paragraph 4 of Count I

**ANSWER**: The City realleges its answer to this paragraph.

5. Plaintiff realleges paragraph 5 of Count I

**ANSWER**: The City realleges its answer to this paragraph.

6. Plaintiff realleges paragraph 6 of Count I

**ANSWER**: The City realleges its answer to this paragraph.

7. Plaintiff realleges paragraph 7 of Count I

**ANSWER**: The City realleges its answer to this paragraph.

8. That at all times mentioned, the Defendants intended to restrain the Plaintiff.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

9. That the acts of the Defendants constitute false imprisonment.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

3

## COUNT III
### Intentional Infliction of Emotional Distress

1. Plaintiff realleges paragraph 1 of Count I.

**ANSWER**: The City realleges its answer to this paragraph.

2. Plaintiff realleges paragraph 2 of Count I.

**ANSWER**: The City realleges its answer to this paragraph.

3. Plaintiff realleges paragraph 3 of Count I.

**ANSWER**: The City realleges its answer to this paragraph.

4. Plaintiff realleges paragraph 4 of Count I.

**ANSWER**: The City realleges its answer to this paragraph.

5. Plaintiff realleges paragraph 5 of Count I

**ANSWER**: The City realleges its answer to this paragraph.

6. Plaintiff realleges paragraph 6 of Count I

**ANSWER**: The City realleges its answer to this paragraph.

7. Plaintiff realleges paragraph 7 of Count I

**ANSWER**: The City realleges its answer to this paragraph.

8. That the acts of the Defendants caused the Plaintiff to suffer severe and emotional distress.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

## COUNT IV
### Violation of Civil Rights

1. Plaintiff realleges paragraph 1 of Count I.

4

**ANSWER**: The City realleges its answer to this paragraph.

2.  Plaintiff realleges paragraph 2 of Count I.

**ANSWER**: The City realleges its answer to this paragraph.

3.  Plaintiff realleges paragraph 3 of Count I.

**ANSWER**: The City realleges its answer to this paragraph.

4.  Plaintiff realleges paragraph 4 of Count I.

**ANSWER**: The City realleges its answer to this paragraph.

5.  Plaintiff realleges paragraph 5 of Count I

**ANSWER**: The City realleges its answer to this paragraph.

6.  Plaintiff realleges paragraph 6 of Count I

**ANSWER**: The City realleges its answer to this paragraph.

7.  Plaintiff realleges paragraph 7 of Count I

**ANSWER**: The City realleges its answer to this paragraph.

8.  Plaintiff had a right under 42 U.S.C. 1983 and the Constitution of the United States of America and the Constitution of the State of Illinois to be free from unreasonable searches and seizures and a reasonable expectation of privacy.

**ANSWER**: The City admits that a citizen of the United States has a right under the United States Constitution and the Constitution of the State of Illinois to be free from unreasonable searches and seizures and a reasonable expectation of privacy. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

9.  That the acts of the Defendants violated the Plaintiff's rights under 42 U.S.C. 1983 and the Constitution of the United States of America and the Constitution of the State of Illinois

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

## DEFENSES

1. Defendant City is not liable to plaintiff for his federal law claim because a municipality cannot be held liable under section 1983 under the doctrine of *respondeat superior*. See Board of County Commissioners of Bryan County, Okla. v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388 (1997) (citations omitted).

2. Defendant City is not liable to plaintiff for his state law claim if its employees or agents are not liable to plaintiff. 745 ILCS 10/2-109.

3. Defendant City is not liable to plaintiff if its employees or agents were not acting within the scope of their employment during their encounter with plaintiff.

4. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202.

5. Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

6. Plaintiff has a duty to mitigate his damages, and any damages awarded to plaintiff would be required to be reduced by any amount by which the damages could have been lessened by plaintiff's failure to take reasonable action to minimize those damages.

## **JURY DEMAND**

Defendant City of Chicago requests trial by jury.

                                                MARA S. GEORGES
                                                Corporation Counsel of the City of Chicago

By: *[signature]*
         GEORGE J. YAMIN, JR.
         Assistant Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-0454
Attorney No. 06217483